UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RABINSKY,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, Immigration and Customs Enforcement San Diego Field Office Director; JAMES DOBSON, Immigration and Customs Enforcement Acting Assistant Field Office Director for Otay Detention Facility; THOMAS D. HOMAN, Acting Director of Immigration and Customs Enforcement; KRISTJEN NIELSEN, Secretary of Homeland Security; JEFFERSON BEAUREGARD SEESSIONS III, Attorney General of the United States,<br><br>　　　　　　　　　Respondents. | Case No. 18-cv-1849-JAH-BGS<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING HEARING DATE** |

　　　Before the Court is Plaintiff's Petition for writ of *habeas corpus*. [Doc. No. 1]. Plaintiff requests, in relevant part, that this Court issue an order preventing Petitioner from being removed from the Southern District of California while his petition remains pending. Id. As such, the Court construes this request as a motion for temporary restraining order.

1

For the reasons set forth below, Plaintiff's Motion for Temporary Restraining Order is **GRANTED.**

## BACKGROUND

On May 19, 2013, Petitioner was admitted to the United States without a visa under the Visa Waiver Program outlined in 8 U.S.C. 1187, which authorized him to stay in the country until August 16, 2013. See Doc. No. 1, pg. 2. On or about August 1, 2013, Petitioner applied to the United States Citizenship and Immigration Services ("USCIS") for permanent residence based on his marriage to a United States citizen. Id. The USCIS granted Petitioner conditional permanent residence status on October 15, 2003. Id. Prior to celebrating twenty-four (24) months of marriage, Petitioner and his wife jointly filed a petition to remove the condition on his permanent residence status. Id. Before a decision was issued on their petition, the marriage between Petitioner and his wife failed and the couple divorced. Id. On April 3, 2016, USCIS denied the petition to remove the condition of residence, which effectively terminated Petitioner's permanent residence status. Id. On August 2, 2018, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers and has been detained at the Otay detention facility since his arrest. Id. at 3. Petitioner has been informed that he would be deported "within the next week or so" and would not be afforded a hearing before an immigration judge. Id. Respondent James Dobson contacted Petitioner's counsel on August 8, 2018 indicating that ICE would be going forward with the removal. Id.

## DISCUSSION

### 1. Legal Standard

The purpose of a temporary restraining order ("TRO") is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

As such, an applicant for a TRO is required to demonstrate "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b); see also Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding scale test. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Alternatively, a party seeking injunctive relief under Fed.R.Civ.P. 65 must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992); accord Sun Microsystems, 188 F.3d at 1119). "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown." Sun Microsystems, 188 F.3d at 1119 (quoting Nat'l Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)).

The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a TRO. See Caribbean Marine, 844 F.2d at 674. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. Moreover, "a plaintiff seeking an injunction against a local or state government must present facts showing a threat of immediate, irreparable harm before a federal court will intervene." Midgett v. Tri-County Met. Transp. Dist., 254 F.3d 846, 851 (9th Cir. 2001). Thus, a plaintiff must show the presence of an "immediate threatened injury as a prerequisite to preliminary injunctive relief." Id., citing Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

## ANALYSIS

As a preliminary matter, this Court acknowledges that the REAL ID Act of 2005 has eliminated district court jurisdiction over habeas corpus petitions challenging final orders of removal. See Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006). However, district courts do retain subject matter jurisdiction over section 2241 petitions "that do not involve final orders of removal." See Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). Here, the Court is unaware of whether a final order of removal has been issued. Regardless, this petition involves "constitutional questions or questions of law" as to whether Petitioner is statutorily entitled to a formal immigration proceeding prior to being deported. See id.

Petitioner contends that he is suffering and will continue to suffer irreparable injury due to the government's actions. See Doc. No. 1, pg. 5. Moreover, Petitioner maintains that his deportation will "likely bar his return" to the country because a USCIS determination that his marriage was not "*bona fide*" results in a permanent ineligibility to return to the United States. Id. (citing 8 U.S.C. 1154(c)). Petitioner argues that pursuant to 8 U.S.C. § 1186a(c)(3)(D), " . . .[a]ny alien whose permanent resident status is terminated . . . may request a review of such determination in a proceeding to remove the alien." Petitioner contends that without this formal removal proceeding he is deprived of his sole remaining forum to demonstrate that his marriage was bona fide, thereby preventing "permanent banishment" from the United States. Id. The Court agrees with Petitioner that a strong

possibility of "irreparable harm" exists in this case, and as such, the *status quo* should be maintained. Should Petitioner be deported without a statutorily authorized immigration proceeding he may be denied reentry into the United States in perpetuity. For those same reasons, and the limited nature of this temporary restraining order, the Court further finds that the balance of hardships tips sharply in favor of Petitioner. Moreover, Petitioner has, at the very least, raised serious questions as to whether he is entitled to an immigration proceeding pursuant to § 1186a(c)(3)(D).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's request for a temporary restraining order is **GRANTED**;
2. Respondents shall not remove Petitioner from the Southern District of California during the pendency of this temporary restraining order;
3. This temporary restraining order is entered on **August 10, 2018** and will **expire on August 20, 2018 at 5:00 p.m.**;
4. A hearing is scheduled for a Motion for Preliminary Injunction on **August 17, 2018 at 2:30 p.m., before this Court**;
5. Respondents' shall file a written response to Petitioner's writ of *habeas corpus* **no later than August 15, 2018**;
6. The Clerk of Court shall serve upon Respondents a copy of Petitioner's writ of *habeas corpus* [Doc. No. 1] and this Order.

**IT IS SO ORDERED.**

DATED: August 10, 2018

_____
JOHN A. HOUSTON
United States District Judge